UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

-----------------------------------------------------------X

IN RE: DAVOL, INC./C.R. BARD,
INC., POLYPROPYLENE HERNIA MESH
PRODUCTS LIABILITY LITIGATION,

This document relates to:
ALL ACTIONS: CORINE BARNES,

-----------------------------------------------------------X

**AMENDED COMPLAINT PURSUANT TO CASE MANAGEMENT ORDER 2**

Case No.:
2:18-md-2846

Chief Judge:
Edmund A. Sargus, Jr.,

Magistrate Judge:
Kimberly A. Jolson

Plaintiff, by her attorneys, ARNOLD E. DiJOSEPH, P.C., upon information and belief and at all times hereinafter mentioned, allege:

## JURISDICTION AND VENUE

1. Plaintiff files this Amended Complaint in accordance with Case Management Order Number 2 providing for direct filing of cases in Multi District Litigations (MDL) No.:2846.

2. Plaintiff files this Amended Complaint pursuant to Case Management Order 2 and are to be bound by the rights, protections and privileges and obligations of that Order.

3. Plaintiff designates the Eastern District of New York as the presumptive place of remand.

4. Plaintiff, **CORINE BARNES,** was and still is a resident of the County of Kings, and State of New York.

5. That at all times herein mentioned, Defendant **C.R. BARD, INC.,** was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

6. That at all times herein mentioned, Defendant **C.R. BARD, INC.,** was and still is a foreign corporation, duly authorized to do business in the State of New York.

1

7. That at all times hereinafter mentioned, defendant, **C.R. BARD, INC.**, was and still is a domestic corporation duly authorized and existing under any written virtue of the laws of the State of New York, having a place of business in the State of New Jersey located at 730 Central Avenue, Murray Hill, New Jersey 07974.

8. That at all times herein mentioned, Defendant **C.R. BARD, INC.**, was and still is a foreign corporation, duly authorized to do business in the State of New York.

9. Defendant, **C.R. BARD, INC.**, does and/or solicits business within the State of New York.

10. Defendant, **C.R. BARD, INC.**, derives substantial revenue from goods used or consumed or services rendered in the State of New York.

11. Defendant, **C.R. BARD, INC.**, expected or should reasonably have expected its acts and business activities to have consequences within the State of New York.

12. Defendant, **C.R. BARD, INC.**, derives substantial revenues from interstate or international commerce.

13. Defendant, **C.R. BARD, INC.**, is a duly organized partnership existing and doing business under the laws of the State of New York.

14. Defendant, **C.R. BARD, INC.**, is a duly organized proprietorship existing and doing business under the laws of the State of New York.

## FACTUAL ALLEGATIONS

15. That at all times herein mentioned, Defendant **C.R. BARD, INC.**, was in the business of manufacturing, selling, designing, packaging, labeling, marketing and distributing a mesh patch known as the "Bard Ventralix Hernia Patch" (herein referred to as "Product") for the purpose of sale and use to the medical and healthcare community.

16. The Product was made of materials which are biologically incompatible with human tissue and react negatively and sometimes dangerously with a large number of those on whom it is used.

17. Defendant knew or should have known that their Product was unreasonably harmful.

2

18. The scientific evidence Defendant knew or should have known of demonstrates that the mesh is incompatible with human tissue and often causes a negative immune response in patients implanted with the Product, including plaintiff.

19. The Product is marketed to the medical and healthcare community and to patients as a safe, effective and reliable medical device, implanted by safe and effective, minimally invasive surgical techniques, and is safer and more effective as compared to other products.

20. On October 2, 2014, the Plaintiff **CORINE BARNES**, was operated on to repair an incarcerated ventral hernia, during which operation the mesh manufactured, marketed and sold by Defendant was implanted.

21. Defendant failed to perform proper and adequate testing and research in order to determine and evaluate the risks and benefits of the Product.

22. Feasible and suitable alternative to the Product have existed at all times relevant that do not present the same frequency or severity of risks as the Product.

23. The Product was at all times utilized and implanted in a manner foreseeable to and in fact intended by Defendant, its instructions and procedures for use and its training of the health care providers.

24. The Product was implanted in Plaintiff in the same or substantially similar condition as when it left Defendant's possession.

25. Defendant failed to disclose the known risks and failed to warn of known or scientifically knowable dangers and risks associated with the Product.

26. The Product as designed, manufactured, distributed, sold and/or supplied by Defendant was defective as marketed due to inadequate warnings, instructions, labeling and/or inadequate testing.

27. As a result of the defective nature of the Product, those persons who have been surgically implanted with the Product have suffered and/or are at a greatly increased risk of life-threatening complications as it can erode into the bowel, affect the small and large intestines, require

3

multiple additional surgeries for extraction and partial bowel removal, weeks of hospitalization, colostomies, systemic infections, and more.

28. Plaintiff herein has sustained certain of the above health consequences due to being surgically implanted with the Product.

29. As a result of having the Product implanted, the Plaintiff has experienced significant mental and physical pain and suffering and mental anguish, has sustained permanent injury, has undergone medical treatment and will likely undergo further medical treatment and procedures, has suffered financial or economical loss, including, but not limited to, obligations for medical services and expenses, and/or lost income, and other damages.

30. That by reason of the foregoing, Plaintiff **CORINE BARNES** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

31. Plaintiff **CORINE BARNES**, repeats, reiterates and realleges each and every allegation contained in paragraphs 1-29, together with the same force and effect as though set forth at length herein.

32. Defendant had a duty to individuals, including the Plaintiff, to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling their Product.

33. Defendant breached its duty to its customers, including Plaintiff, by failing to design, manufacture, market, label, package and/or sell its Product in such a manner as the exercise of reasonable care would dictate.

34. Defendant negligently failed to warn or instruct the Plaintiff and/or her health care providers of the full extent of the risks and hazards known to exist with the use of the mesh in a manner commensurate with the exercise of reasonable care.

35. As a direct and proximate result of Defendant's negligence, Plaintiff has experienced significant physical injury, mental and physical pain and suffering, permanent injury,

4

has undergone medical treatment and will likely undergo further medical treatment and procedures, has suffered financial or economic loss, including but not limited to, obligations for medical services and expenses, lost income, and other damages.

36. That by reason of the foregoing, Plaintiff **CORINE BARNES** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SECOND CAUSE OF ACTION
## STRICT LIABILITY – DESIGN DEFECT

37. Plaintiff **CORINE BARNES**, repeats, reiterates and realleges each and every allegation contained in paragraphs 1-35, together with the same force and effect as though set forth at length herein.

38. The Product implanted in Plaintiff was not reasonably safe for its intended uses and was designed in a defective manner so as to be hazardous and harmful to the human body.

39. As a direct and proximate result of aforementioned defects, Plaintiff has experienced significant physical injury, mental and physical pain and suffering, permanent injury, has undergone medical treatment and will likely undergo further medical treatment and procedures, has suffered financial or economic loss, including but not limited to, obligations for medical services and expenses, lost income, and other damages.

40. Defendant is strictly liable to the Plaintiff for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

41. That by reason of the foregoing, Plaintiff **CORINE BARNES** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## THIRD CAUSE OF ACTION
## STRICT LIABILITY – MANUFACTURING DEFECT

42. Plaintiff **CORINE BARNES**, repeats, reiterates and realleges each and every allegation contained in paragraphs 1-40, together with the same force and effect as though set forth at length herein.

43. The Product implanted in Plaintiff was not reasonably safe for its intended uses and was manufactured defectively due to having deviated materially from Defendant's design specifications.

44. The deviations from design specs resulted in defective manufacturing which posed unreasonable risks of serious bodily harm to customers, including Plaintiff.

45. As a direct and proximate result of aforementioned defects, Plaintiff has experienced significant physical injury, mental and physical pain and suffering, permanent injury, has undergone medical treatment and will likely undergo further medical treatment and procedures, has suffered financial or economic loss, including but not limited to, obligations for medical services and expenses, lost income, and other damages.

46. Defendant is strictly liable to the Plaintiff for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

47. That by reason of the foregoing, Plaintiff **CORINE BARNES** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## FOURTH CAUSE OF ACTION
## STRICT LIABILITY – FAILURE TO WARN

48. Plaintiff **CORINE BARNES**, repeats, reiterates and realleges each and every allegation contained in paragraphs 1-46, together with the same force and effect as though set forth at length herein.

49. The Product was not reasonably safe for its intended uses and was defective due to its lack of appropriate and necessary warnings. Specifically, Defendant's did not provide sufficient

or adequate warnings regarding, among other things, the serious risk of bodily harm posed by the incompatibility of the material used to make the mesh and human blood and tissue or the serious risk of infection or serious scarring.

50. As a direct and proximate result of the Products defects, Plaintiff has experienced significant physical injury, mental and physical pain and suffering, permanent injury, has undergone medical treatment and will likely undergo further medical treatment and procedures, has suffered financial or economic loss, including but not limited to, obligations for medical services and expenses, lost income, and other damages.

51. Defendant is strictly liable to the Plaintiff for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

52. That by reason of the foregoing, Plaintiff **CORINE BARNES** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### FIFTH CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY

53. Plaintiff **CORINE BARNES**, repeats, reiterates and realleges each and every allegation contained in paragraphs 1-51, together with the same force and effect as though set forth at length herein.

54. Defendant made assurances as described herein to the general public, hospitals, and health care professionals that the Product was safe and reasonably fit for its intended purposes.

55. The Plaintiff and/or her healthcare provider chose the Product based upon Defendant's warranties and representations regarding the safety and fitness of its product.

56. The Plaintiff, individually and/or by and through her health care providers, reasonably relied upon Defendant's express warranties and guarantees that the product was safe, merchantable, and reasonably fit for its intended purposes.

57. Defendant breached these express warranties because the Product was unreasonably dangerous and defective as described herein and not as Defendant had represented.

7

58. Defendant's breach of its express warranties resulted in the implantation of an unreasonably dangerous and defective product.

59. As a direct and proximate result of Defendant's breach of the aforementioned express warranties, the Plaintiff has experienced significant physical injury, mental and physical pain and suffering, permanent injury, has undergone medical treatment and will likely undergo further medical treatment and procedures, has suffered financial or economic loss, including but not limited to, obligations for medical services and expenses, lost income, and other damages.

60. That by reason of the foregoing, Plaintiff **CORINE BARNES** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SIXTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY

61. Plaintiff **CORINE BARNES**, repeats, reiterates and realleges each and every allegation contained in paragraphs 1-59, together with the same force and effect as though set forth at length herein.

62. Defendant impliedly warranted that the subject mesh was merchantable and was fit for the ordinary purposes for which it was intended.

63. When the mesh was implanted in the Plaintiff to treat a hernia, the product was being used for the ordinary purpose for which it was intended.

64. The Plaintiff, individually and/or by and through her health care providers, reasonably relied upon Defendant's implied warranties of merchantability in consenting to have the subject mesh implanted.

65. The Defendant breached these implied warranties of merchantability because the Product implanted in Plaintiff was neither merchantable nor suited for their intended uses as warranted.

66. Defendant's breach of their implied warranties resulted in the implantation of an unreasonably dangerous and defective product which placed Plaintiff's health and safety in jeopardy.

67. As a direct and proximate result of Defendant's breach of the aforementioned implied warranties, the Plaintiff has experienced significant physical injury, mental and physical pain and suffering, permanent injury, has undergone medical treatment and will likely undergo further medical treatment and procedures, has suffered financial or economic loss, including but not limited to, obligations for medical services and expenses, lost income, and other damages.

68. That by reason of the foregoing, Plaintiff **CORINE BARNES** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff **CORINE BARNES**, demands judgment against the Defendant **C.R. BARD, INC.**, on all causes of action in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Staten Island, New York
October 16, 2018

Yours, etc.

ARNOLD E. DiJOSEPH, P.C.
Attorneys for Plaintiff
CORINE BARNES
50 Broadway - Suite 1000
New York, New York 10004
Telephone: 212-344-7000
E-mail: Adijoseph@adjlaw.com